

**IT IS ORDERED as set forth below:**

**Date: June 1, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **20-66657-PMB** |
| **TEMPLER ACQUISITIONS, LLC**, | : | |
| Debtor. | : | CHAPTER 11 |
| | : | |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB** | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| **TEMPLER ACQUISITIONS, LLC,** | : | |
| Respondent. | : | |

**ORDER GRANTING EMERGENCY STAY RELIEF TO PERMIT
MOVANT TO CRY FORECLOSURE SALE AND TO TAKE NO OTHER ACTION**

This matter is before the Court on the *Motion for Relief from Automatic Stay to Cry*

*Foreclosure Sale Scheduled June 2, 2020, Pending Further Order Allowing Recording Deed*

*Under Power of Sale as to Property Located at 728 Cascade Ave SW, Atlanta, GA 30310, or Alternative Motion for In Rem Relief* (the "Motion") filed by Movant named above (the "Movant") on May 28, 2020 (Docket No. 10). In the Motion, the Movant seeks relief from the automatic stay under 11 U.S.C. § 362(a) to conduct a nonjudicial foreclosure sale under Georgia law (the "Foreclosure Sale") with regard to certain real property described in greater detail in the Motion (the "Property"), and to take certain related actions. Further, Movant requested in its *Motion for Expedited Hearing on Motion for Relief from Automatic Stay to Cry Foreclosure Sale Scheduled June 2, 2020, Pending Further Order Allowing Recording Deed Under Power of Sale as to Property Located At 728 Cascade Ave SW, Atlanta, GA 30310, or Alternative Motion for In Rem Relief* (Docket No. 12)(the "Emergency Request") that the Court address the Motion on an emergency basis so as to permit Movant to cry the Foreclosure Sale already noticed for June 2, 2020 (the "Scheduled Foreclosure Date"), reserving the final determination of the Motion for a hearing to be held on a nonemergency basis. This request was granted by the Court by its Order dated May 29, 2020 (Docket No. 14)(the "Scheduling Order").

Pursuant to the Scheduling Order, the Motion came before the Court for a preliminary hearing (the "Hearing") on June 1, 2020. Present at the Hearing was counsel for the Movant, counsel for the United States Trustee, and the Subchapter-V Trustee. The Court heard argument from the parties present at the Hearing.

Based on the foregoing, and for good cause shown, it is hereby **ORDERED** that the Motion be, and the same hereby is, **GRANTED IN PART** as follows:

1. The automatic stay is **modified** as to the Movant so that the Movant may exercise its state law and contract rights with respect to the Property *solely* to the limited extent that the Movant

may cry the Foreclosure Sale on the Property on the Scheduled Foreclosure Date, but that the Movant may only *conditionally* accept the high bid at such sale *expressly conditioned* on (i) the Movant's obtaining further relief from stay, or (ii) this case being dismissed by a subsequent order.   In addition, the Movant may not collect the purchase price for the Property (except to hold in escrow), record any deed under power of sale or take any other actions to complete or consummate the Foreclosure Sale without (i) obtaining further relief from stay, or (ii) this case being dismissed by a subsequent order.

2. The restricted grant of relief on the Motion granted herein is expressly intended to preserve the equity of redemption of the Debtor regarding their interest in the Property under state law.   This Order does not lift the automatic stay to permit the termination of the Debtor's equity of redemption, which will remain unaffected unless and until the stay is further modified by this Court or this case is dismissed by a subsequent order.

3. By proceeding with the Foreclosure Sale pursuant to this Order, Movant waives any argument that the equity of redemption has terminated as a result of its conduct of the Foreclosure Sale as permitted herein.

4. If this case is subsequently dismissed, the automatic stay will be terminated in full, *nunc pro tunc* to the date of this Order, unless this Court orders otherwise in connection with such dismissal.

5. This Order is effective upon entry and is not stayed under Federal Rule of Bankruptcy Procedure 4001.

6. A final telephonic hearing on the Motion will be held on the **24th** day of **June, 2020**, commencing at **9:30 a.m.** in *using the same dial-in information as outlined in the Scheduling Order*.

The Clerk is directed to serve a copy of this Order upon the Debtor, the Movant, Movant's counsel, the Subchapter-V Trustee, and the United States Trustee.

**[END OF DOCUMENT]**